In the Matter of the Claims of JAMES PIZZOLI and SAM MELI, Appellants, against the Estate of JOSEPHINE CAMUGLIA, Deceased, Respondent.— Decree affirmed, with costs. All concur. (The decree dismisses certain claims against decedent's estate.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

CLARA MEERS, Respondent, v. SWITCHMEN'S UNION OF NORTH AMERICA, Appellant.— Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: This action is brought by the named beneficiary to recover the amount of a benefit certificate issued by defendant. The complaint alleges that the deceased was a member of defendant in good standing at the time of his death, the condition on which defendant became liable to the beneficiary. One of the interposed defenses is that deceased engaged in an unauthorized strike, thereby terminating his membership and all rights under the certificate. The trial court refused to submit this issue to the jury on the ground that the evidence, in support thereof, was insufficient. This was error. We find in the record evidence that required submission of this issue to the jury. In respect to defendant's claim of set-off, we are of the opinion that, if plaintiff establishes her cause of action, defendant will be entitled to set off only the amount of dues which the deceased would have paid into the beneficiary fund. All concur. (The judgment is for plaintiff in an action under a life insurance certificate. The order denies a motion for a new trial.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

ALICE C. RANDALL, Respondent, v. JOHN A. RANDALL and GEORGIANA W. HATHAWAY, Appellants.— Judgment as to defendant John A. Randall modified on the law and the facts and as modified affirmed, without costs of this appeal to either party; judgment as to defendant Georgiana W. Hathaway reversed on the law and complaint dismissed, without costs. Certain finding of fact and conclusions of law disapproved and reversed and new conclusions of law made. Memorandum: In December, 1935, defendant Randall purchased plaintiff's interest in the Crittenden road property for $1,200 and the agreement to procure her release on a $4,800 bond and mortgage outstanding against this property. Defendant Randall performed his part of the 1935 agreement. Under a separation agreement signed by the Randalls, plaintiff agreed to convey her interest in the De Lores street property to the defendant Randall. She conveyed as agreed. Under these circumstances, defendant Randall was at liberty to do as he pleased with these properties as they were no longer affected by the provisions of the separation agreement. Plaintiff, for an adequate consideration, had transferred and released all her interests and rights in these properties prior to the commencement of this action and the separation agreement was modified accordingly by mutual consent of the parties. Plaintiff, therefore, was not in a position to attack the transfer of these properties to the defendant Hathaway. All concur. (The judgment is for plaintiff in an action to set aside conveyance of realty.) Present — Crosby, Lewis, Taylor and Dowling, JJ.